UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>      v.<br><br>JOSE CASTELLANOS-NAVARRO,<br><br>                              Defendant. | Case No.: 22-cr-1896-JO<br><br>**ORDER CONTINUING COMPETENCY HEARING** |

On December 8, 2022, after finding reasonable cause to believe the Defendant may be suffering from a mental disease or defect rendering him mentally incompetent to proceed with trial, the Magistrate Judge ordered a competency examination for the Defendant pursuant to 18 U.S.C. § 4241 and set a competency hearing on this Court's calendar for January 13, 2023. (Dkt. 28.) On January 10, 2023, the parties filed a joint motion to continue the competency hearing to February 24, 2023. On January 11, 2023, for good cause, the Court granted the joint motion to continue the competency hearing. (Dkt. 31.) On February 15, 2023, the parties filed a second joint motion to continue the competency hearing to April 21, 2023. (Dkt. 33.) On February 23, 2023, for good cause, the Court granted the second joint motion to continue the competency hearing. (Dkt. 34.) On April 13, 2023, the parties filed a third joint motion to continue the competency hearing to May 5, 2023. (Dkt. 35.) For good cause, the Court GRANTS the parties' third joint motion to continue and sets the competency hearing for May 5, 2023 at 2:00 p.m.

For the reasons set forth in the joint motion, the Court finds that the entire time needed to complete the competency examination is excluded under 18 U.S.C. § 3161(h)(1)(A). *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993) (Holding that § 3161(h)(1)(A) expressly excludes any period of delay resulting from any examinations to determine the mental competency of a defendant.).

Additionally, the Court finds that the ends of justice will be served by granting the requested continuance, and these outweigh the interests of the public and the Defendant in a speedy trial as the Defendant cannot proceed with trial unless and until he is competent to proceed. *See Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004) ("A trial judge has a continuing, affirmative responsibility to ensure that a defendant is not tried while incompetent."). Accordingly, the delay occasioned by this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

Further, on August 23, 2022, the Defendant filed a pretrial motion that remains pending. Accordingly, the Court finds that time from August 23, 2022 to May 5, 2023 shall be excluded under the Speedy Trial Act on grounds that a pretrial motion is pending. 18 U.S.C. § 3161(h)(1)(D).

The competency report is now due by April 28, 2023.

The Clerk is directed to send a copy of this order to the United States Marshal's Office.

IT IS SO ORDERED.

Dated: 4/19/23

Hon. Jinsook Ohta
UNITED STATES DISTRICT JUDGE